IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In Re:** | |
| | Bankruptcy No. <u>07-20226JAD</u> |
| **ANN-LEE CONSTRUCTION & SUPPLY COMPANY, INC.,** | |
| **Debtor(s)** | Chapter 11 |
| ********************************* | |
| **OS & A PARTNERSHIP** | |
| **Movant(s),** | |
| v. | Doc. # <u>**220**</u> |
| **ANN-LEE CONSTRUCTION & SUPPLY COMPANY, INC.,** | |
| **Respondent(s).** | |

**MEMORANDUM ORDER STRIKING LETTER SUBMITTED
ON BEHALF OF CORPORATE ENTITY BY A NON-LAWYER**

**AND NOW,** this <u>**21st**</u> day of <u>**September, 2007**</u>, **IT APPEARS TO THE COURT THAT** on **August 8, 2007**, the **OS & A Partnership** (hereinafter referred to as "creditor" or "OS & A") filed a **letter with the court regarding past due rent**, at Doc. # **220**. A review of said document reveals that **the letter was submitted to the court on behalf of a corporate entity by a non-lawyer**.

The Court takes notice that creditor has been given some latitude in this area in the past. A letter was submitted to the Court, and entered into the Docket at Doc. # 172, by creditor through its partner, Michael P. O'Shea, a non-lawyer, on or about June 5, 2007. The letter concerned Debtor's late rent payments to creditor and sought the help of the Court in

00001280.WPD

resolving this matter. On June 26, 2007 Debtor filed a response indicating that all rents had been duly paid, and no further action was needed of the Court at that time. Creditor was given leeway in allowing representation by a non-lawyer to this Court under the impression that this was a one time occurrence. It appears now, however, that this was not a one time occurrence; creditor has since issued another letter to the court from non-lawyer partner Michael P. O'Shea. The repetitive nature of the improper correspondence with the court warrants an explanation as to why said letter must be stricken from the record.

A corporation which wishes to appear in a court of law must be represented by an attorney. This is a rule that has roots grounded in the sound wisdom of Chief Justice Marshall's decision in <u>Osborn v President, etc., United States Bank</u>, 9 Wheat. 738, 22 U.S. 738 (1824) where he wrote: "A corporation, it is true, can appear only by attorney, while a natural person may appear for himself." *Id.*, at 830. This holding has been uniform throughout the federal court system. <u>MacNeil v. Hearst Corporation</u>, 160 F.Supp. 157 (D.C.D. Del. 1958). The Third Circuit has recognized that confusion stemming from awkwardly drafted pleadings and motions inarticulately presented by non-lawyers representing corporate entities demonstrate the wisdom behind the policy. <u>Simbraw, Inc. v. US</u>, 367 F.2d 373 (3d Cir. 1966).

The rule holds true in bankruptcy proceedings as well. Proceedings before the bankruptcy court are governed by F.R.Bank.P. 9010(a). This rule states that a "debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy." The 1983 Advisory Committee Note to Rule 9010 indicates that the rule "is substantially the same as former Bankruptcy Rule 910 and does not purport to change prior holdings *prohibiting a corporation from appearing*

*pro se.*" See F.R.Bank.P. 9010 Advisory Committee's Note (emphasis added).

OS & A has contacted the court via a letter on August 6, 2007 which was signed by Michael P. O'Shea who has not represented himself to this court as an attorney capable of representing a corporation. As such, the court may not take into consideration the contents of said letter, and any future correspondence with the court must be done through a licensed attorney who has been approved to practice before this court. As one court has observed: "[w]hen a business accepts the advantages of incorporating it must also bear the burdens, including the need to hire counsel to sue or defend in court." Hawkeye Bank & Trust, National Association v. Baugh, 463 N.W.2d 22 (Iowa 1990) (citing Woodford Mfg. Co. v. A.O.Q., Inc., 772 P.2d 652, 654 (Colo.App. 1988)).

**IT IS ORDERED, ADJUDGED, AND DECREED THAT** the **letter regarding past due rent filed on behalf of OS & A Partnership by a non-lawyer** filed at **Doc. # 220 IS HEREBY STRICKEN FROM THE RECORD**. If there is a matter to be resolved by this court, a licensed attorney must submit an appropriate request in writing.

9/21/07

_____
JEFFERY A. DELLER
U.S. Bankruptcy Court

Case Administrator To Mail Copy To:
**Movant:** OS & A Partnership
**Debtor:** Ann-Lee Construction & Supply Company, Inc.
**Debtor"s Counsel:** Michael J. Henny, Esq.
**UCC:** Kirk B. Burkley, Esq. / Peter J. Ashcroft, Esq. / Scott E. Schuster, Esq.
**Office Of The United States Trustee:** Norma Hildenbrand, Esq.

**FILED**

SEP 2 1 2007

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

00001280.WPD